RALPH EARLE, PLAINTIFF IN ERROR, v. CONSOLIDATED
	TRACTION COMPANY, DEFENDANT IN ERROR.

Argued March 7, 1900—Decided June 18, 1900.

1. Trolley cars and the driver of ordinary carriages have equal rights
upon the public streets and street crossings. The first to reach the
crossing has the right to pass over first, but if it appears that the
motorman does not intend to respect his right of priority and that
the driver cannot, in the exercise of reasonable prudence, exercise his
right, he is guilty of contributory negligence if he fails to wait or
turn aside if he can do so by the use of due care, and thus protect
himself from injury.
2. In such case the remedy of the driver would be by suit against the
trolley company for failing to observe his right of priority at the
crossing.

On error to the Supreme Court.

For the plaintiff in error, *Thomas F. Noonan, Jr.*

For the defendant in error, *Vredenburgh & Garretson.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is an action to recover damages
for personal injury.

In the trial court the plaintiff was nonsuited. On this
review the evidence most favorable to the plaintiff must control the decision of this court.

It will therefore be considered upon the facts admitted
and the testimony given by the plaintiff on his own behalf.

The accident occurred at night. The trolley car, which
was well lighted by electricity, was on Montgomery street,
moving towards the Boulevard, over which it was to pass.

The plaintiff was driving a speedy horse towards Montgomery street, over which he was to pass.

The plaintiff says he was driving on a jog when he first
saw the car approaching. He was then about fifty feet from
Montgomery street and the car was about thirty feet from the

Boulevard. On his cross-examination he stated "that he saw the car slowing up as if to stop; that it did not stop—just halted; it stopped for an instant and then went on again; it did not come to a dead stop—it halted; it gave me an impression of having stopped, but it did not stop; it only stopped for an instant; I won't say it stopped; I will say it halted; it stopped for an instant and then went on."

The Boulevard is one hundred feet wide, of which forty feet are used for sidewalks, leaving the driveway sixty feet in width.

The trolley car and the plaintiff reached the crossing of the two streets at very nearly the same time, although, if the statement of the plaintiff is correct that the car was thirty feet from the Boulevard when he was fifty feet from Montgomery street, driving on a jog, the inference would be quite strong that the trolley car reached the crossing first.

But I will assume that was a jury question, and that the plaintiff reached the crossing in advance of the car. They had equal rights upon the streets and upon the crossing, the first to reach it had the right to pass over first. But if, when the plaintiff reached the crossing, it was apparent that his rights were not being observed by the motorman, he could not proceed without imprudence, and was bound to stop or to turn aside if he could by the exercise of due care do so, and protect himself from injury. His remedy in that case would have been against the company for its refusal to respect his rights upon the public way.

The question therefore is whether, from his own statements, it is manifest that he took an apparent risk of injury, and attempted to cross over in advance of the car in the presence of a danger which he could not have failed to see in the exercise of that care and prudence which it was his duty to use.

This question, we think, must be resolved against the plaintiff, and that he is therefore chargeable with contributory negligence.

He saw the car when at a distance of fifty feet from it. When he came nearer the trolley track, he was also near to

the car which was well lighted. He was left in doubt, at least, whether the car actually stopped.

Reasonable prudence required him to wait until he assured himself whether the motorman intended to stop or go ahead.

He knew the car could not move except upon its track, and he also knew that he had a wide driveway on which he could turn his horse away from the trolley track and out of danger.

If he was driving slowly, as was his duty under the circumstances known to him, there could have been no difficulty in avoiding the collision by waiting or turning away from the track.

If he was driving at a rapid gait so that he could not control his horse, he was negligent for his own safety.

He was on the east side of the Boulevard where the car was in front of him, and instead of avoiding the car by waiting or turning away from the track as he should have done, he pulled to the west side of the road and attempted to cross in advance of the car.

In this he was clearly guilty of contributory negligence.

The judgment below should be affirmed.

DIXON, J. (dissenting). The opinion delivered in favor of the judgment in this case does not fully present the situation developed at the trial, but with the addition of one or two facts clearly proved, I think it discloses the impropriety of the decision.

According to the opinion the jury might have found that the plaintiff approached the trolley track at the intersection of the Boulevard and Montgomery street on a jog trot and in such a manner as to have the right of way across the track in front of the car; that the car when near the Boulevard slackened its speed until it was almost at a dead stop; that then the plaintiff drove on and the collision occurred.

The additional facts are that when the motorman increased his speed the plaintiff's horse was so near the track that it was impossible either to pull him up or turn him aside so as to let the car pass in front; that the plaintiff then steered his

horse toward the left in order to keep away from the car as far as he could, and that he had almost cleared the track when the fender of the car struck his right hind wheel and overturned the carriage.

Under these circumstances surely the jury might also have found that, when the car came almost to a dead stop, the plaintiff reasonably inferred, as doubtless he did infer, that it was in recognition of his right of way across the track, and that no attempt would be made to interfere with his right.

I cannot understand how, in these circumstances, the negligence of the plaintiff is so clear as to justify the withholding of the case from the jury.

I think the nonsuit was wrong and should be reversed.

The court being equally divided, the judgment below was affirmed.

*For affirmance*—MAGIE (CHANCELLOR), DEPUE (CHIEF JUSTICE), VAN SYCKEL, GUMMERE, LUDLOW, HENDRICKSON.  6.

*For reversal*—DIXON, GARRISON, COLLINS, BOGERT, ADAMS, VOORHEES.  6.