JAMES F. BAKER, DEFENDANT IN CERTIORARI, v.
THOMAS KENNY, PLAINTIFF IN CERTIORARI.

Submitted November 25, 1902—Decided March 11, 1903.

1. Where premises have been rented for the period of one month, at
   a monthly rental, and the tenant holds over with the consent of
   the landlord, a monthly tenancy is established. .

2. In order to terminate a monthly tenancy, only one month's notice
   to quit is necessary. The notice must be to quit on one of the
   recurring periods of the holding, and if served on a corresponding
   date in the preceding month it is sufficient.

On *certiorari* to the District Court of the city of Camden.

Before Justices DIXON and HENDRICKSON.

For the plaintiff in *certiorari, Henry I. Budd, Jr.*

The opinion of the court was delivered by

HENDRICKSON, J. This writ brings up for review an order
of removal under landlord and tenant proceedings. The
principal ground relied on for reversal is that the affidavit
shows that the defendant below was a tenant at sufferance
and not from month to month; that the one month's notice
to quit was insufficient to terminate the tenancy, and that
therefore the District Court was without jurisdiction. The
affidavit of the landlord sets forth "that he let and rented
the said premises to Thomas Kenny on the thirteenth day of
April, A. D. 1902, for the term of one month from the thir-
teenth day of April, A. D. 1902, to the thirteenth day of May,
A. D. 1902, at the monthly rental of forty-five dollars a month,
payable monthly, and that the said Thomas Kenny entered
into the possession of said premises by virtue of the said agree-
ment, which said term has expired, and the said Thomas
Kenny holds over and continues in possession of the said
premises; that on the thirteenth day of July last he made

demand and gave notice in writing to the said Thomas Kenny to deliver to him the possession thereof by giving him personally a copy thereof; which notice is hereunto annexed and is hereby made a part hereof."

The notice annexed reads as follows:

*"Mr. Thomas Kenny—*

"You are hereby notified and required to quit the premises rented by you of me and now occupied by you, being, &c., \* \* \* on the thirteenth day of August, A. D. 1902, that being the end of a monthly term your occupation, and your term being hereby ended at that time, and to deliver possession thereof unto me on that day.

"JAMES F. BAKER.

"Dated July 11th, 1902."

The affidavit shows a rental for one month, and that the tenant was holding over, and the date of the demand and notice to deliver possession shows that the tenant had then held over for the period of two months succeeding the term of the lease. Now, if this holding over was with the consent of the landlord, the relation of the tenant with the landlord would be that of a tenancy from month to month and not a tenancy at sufferance. The doctrine is stated by Lord Mansfield in *Right* v. *Darby,* 1 *T. R.* 162, as follows: "If there be a lease for a year, and by consent of both parties the tenant continue in possession afterwards, the law implies a tacit renovation of the contract. They are supposed to have renewed the old agreement which was to hold for a year." This doctrine was approved in *Decker* v. *Adams, 7 Halst.* 99. The same principle applies where the lease is for less than a year, and it has been held that a tenant for the specified period of one month, who holds over with the consent of his landlord, thereby becomes a tenant from month to month. *Stoppelkamp* v. *Mangeot,* 42 *Cal.* 316. The authorities are uniform on this subject. 32 *Am. Dig. (Cent. ed.)* 393; 18 *Am. & Eng. Encycl. L. (2d ed.)* 201. Now, when we look at the notice which is made a part of the affidavit, in connection

with the other facts stated therein, we think the consent of the landlord to the holding over is sufficiently shown. The notice in terminating the tenancy on August 13th, 1902, declares that to be the end of a monthly term of the tenant's occupation, and declares the term ended at that time. The previous holding over up to that time is thus recognized as a monthly tenancy. This view is strengthened by that part of the affidavit which describes the terms of the rental as "at the monthly rental of forty-five dollars a month, payable monthly." Where the tenancy is a monthly tenancy, one month's notice to quit is sufficient. *Steffens* v. *Earl,* 11 *Vroom* 128. Another ground urged for reversal is that the notice should have been served before the 13th day of July, in order to constitute a month's notice to quit on August 13th following. But this ground is clearly untenable. In a tenancy by the month, the notice must be to quit on one of the recurring periods of the holding, and if the notice be served on a day of the corresponding date in the preceding month it will be sufficient. *Steffens* v. *Earl, Id.* 134; *Tayl. Land. & T.* (*8th ed.*) 57, *note* 1 to § 477, and cases cited. The result is that the proceedings below are affirmed, with costs.