PHILIP A. KNOX v. NORTH JERSEY STREET RAILWAY COMPANY.

Argued November 6, 1903—Decided February 23, 1904.

1. The rule of the road, with relation to vehicles approaching a street crossing, viz., that the first to reach the crossing, traveling at a reasonable rate of speed, has the right to pass over first, applies to fire engines and trucks while being driven to fires, in the absence of legislation, either state or municipal, giving to such apparatus a right of way over other vehicles at these points, and in the absence of any local custom recognizing such superior right.

2. Assuming that a right of way over other vehicles, at street cross-ings, may be conferred by local custom upon fire engines or trucks when being driven to fires, the existence of such a custom must be specially pleaded by the party intending to rely upon it to support his case.

On error to Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff in error, *Lambert & Stewart.*

For the defendant in error, *George T. Werts.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error, who was the plaintiff below, was the driver of No. 2 hook and ladder truck of the Newark fire department. On the evening of December 22d, 1903, while driving to a fire, a collision occurred between his truck and one of the cars of the defendant company, in which he received injuries. His claim is that the collision resulted from the negligence of the motorman operating the car.

It appears from the proofs that the accident occurred at the intersection of Plane and State streets. The car was moving along State street, and reached the crossing first. As it approached Plane street it was slowed down almost to a stop, and then proceeded over the crossing at a slightly in-creased speed. The truck was proceeding along Plane street, and as it drew near to the crossing was moving about four or five miles an hour, the horses being on a slow trot. The plaintiff, when he saw that the car was proceeding over the point of intersection of the two streets, endeavored to avoid a collision by swinging his horses to the right, but on account of the length of the truck was unable to turn sharply enough to clear the car, and struck it at the rear platform.

On these facts appearing, the trial judge directed a nonsuit, and in our opinion his action was proper.

The rule of the road, with relation to vehicles approaching a street crossing, is that the first to reach the crossing, traveling at a reasonable rate of speed, has the right to pass over first. *Electric Railway Co.* v. *Miller,* 30 *Vroom* 423; *Earle* v. *Consolidated Traction Co.,* 35 *Id.* 573. This rule is a part of the common law of the state and applies to vehicles of every character. It may be conceded that the importance of having a fire engine or truck reach its destination as speedily as possible makes it advisable that it should be given superior rights in the public streets, and that trolley cars and other vehicles should be required to yield it the right of way at street crossings. Such a right may be granted by legislative enactment, and, to some extent at least, by municipal regulation. It may also, perhaps (although this we do not decide), grow out of a custom existing in the particular locality where it is sought to be exercised. It is not within the power of the courts to confer it by judicial decision.

Whether such a right may grow out of a particular custom is a question which was sought to be raised by the plaintiff at the trial of the cause, but the trial judge refused to permit it to be done. In order to entitle him to prove that the hook and ladder truck had the right of way over the crossing, by reason of a local custom, notwithstanding that the trolley car reached it first, the plaintiff was bound to aver, in his declaration, the existence of such a custom (*Overman* v. *Hoboken Bank,* 1 *Vroom* 61), and that the collision occurred by reason of the failure of the defendant's motorman to observe it, so that the defendant might be apprised of his claim in that regard and be prepared to controvert it at the trial. No such custom having been pleaded, the trial court properly excluded evidence of its existence.

The judgment under review must be affirmed.