ADOLPH WEINBERGER, DEFENDANT IN ERROR v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Submitted March 26, 1906—Decided November 19, 1906.

1. When the driver of a vehicle approaches, with the intent to cross, a trolley track on which a car is running in his direction, and if, from the distance of the car and assuming that it is furnished with brakes and a man to apply them, he may reasonably determine that he has acquired a right to cross first, it is a question for the jury whether the facts justifying that determination are established by the evidence, and whether the driver, in proceeding to cross, exercised a reasonable judgment.

2. If the driver, just before going upon the track, checks his horse, and the motorman, at the same time, uses the brakes and brings the car to a standstill, and then the driver urges his horse on, and the motorman simultaneously releases the brakes, it is a question for the jury whether both driver and motorman were misled, each by the act of the other, to judge that each was yielding the right to cross first, or whether the driver, having acquired a right to cross which he might judge must have been recognized by the motorman, might not have also reasonably judged that the stopping of the car showed such recognition, and whether the driver's crossing under those circumstances was negligent, and whether the motorman's release of the brakes was negligent.

On error to Essex County Circuit Court.

For the plaintiff in error, *Hobart Tuttle.*

For the defendant in error, *James M. Trimble.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The argument in behalf of plaintiff in error was first directed to errors alleged to have been committed by the trial judge (1) in refusing to grant a motion for a nonsuit at the close of the case for plaintiff below, and (2) in refusing to direct a verdict in favor of the defendant below at the close of the whole testimony. These

refusals were duly excepted to and error has been assigned on each. As, under our practice, these assignments present the same question, they are usually, and properly, considered together, and must be so considered in this case.

The injury for which plaintiff below sought damages was the result of a collision between a trolley car of the defendant below with a wagon in which plaintiff below was driving.

The contention is that the motion for nonsuit and for direction of a verdict for defendant below should have been granted (1) because, upon the whole evidence, no negligence of the motorman running the trolley car was shown, or (2) because the whole evidence conclusively showed negligence on the part of plaintiff below which contributed to his injury.

In dealing with such questions (which are pure questions of law), it must be borne in mind that it is not the province of this court to determine whether the verdict on which this judgment is founded is supported by the weight of evidence presented on the trial. Our function is limited to determining whether, upon the testimony of witnesses to whom the jury might give credit the court properly submitted the case to the jury.

My examination of the evidence leads me to the conclusion that the trial judge properly submitted to the jury both questions, viz., that as to the negligence of the motorman on the trolley car and that as to the negligence of Weinberger. In my judgment, the jury, if they gave credence to the witnesses, or some of them, might have found the following facts:

The trolley car was running easterly, on the southerly one of two tracks laid in Orange street. There was a down grade in the direction in which it was running. Weinberger was driving a slow-moving horse, attached to a wagon in which he was seated, down Boyden street from the north, intending to cross the trolley tracks to a point on Boyden street south of the tracks. Boyden street, on the south of Orange street, was not a direct continuation of Boyden street on the north of Orange street, but was somewhat further west.

As Weinberger emerged from Boyden street upon Orange

street, and proceeded toward a point where he must cross the trolley tracks, the trolley car was at a distance which permitted and required him to form some judgment as to his right to cross, under the doctrine of this court in *Electric Railway Co.* v. *Miller,* 30 *Vroom* 423, and whether he might not proceed to cross, upon the assumption that the trolley car was furnished with appliances to reduce speed and stop, and a motorman to use such appliances, under the doctrine of *Consolidated Traction Co.* v. *Lamberson,* 30 *Id.* 297, approved in this court in 31 *Id.* 452.

The case of *Earle* v. *Consolidated Traction Co.,* 35 *Vroom* 573, was decided here by a divided court. Neither of the opinions delivered therein received the approval of a majority of this court. The difference of opinion indicated thereby was obviously not in respect to legal rules or principles, but only in respect to their applicability to the facts disclosed by the evidence in that case. The judges were not in accord as to those facts. But it is evident that neither opinion denies the doctrine, afterward expressed in this court, that trolley cars and travelers on public streets have equal rights in every respect, except that the trolley cars may not deviate from their track. *Searles* v. *Elizabeth Railway Co.,* 41 *Id.* 388. The trolley car and the driver of a team may each acquire a right of way to cross, as against the other, and while it was intimated in one of the opinions in the Earle case that a driver with a right of way would be negligent in persevering in crossing, when he perceived, or ought to have perceived, that the motorman was not yielding to his just claim, I think the doctrine, if sound, is not applicable to this case. For as the trolley and the wagon approached the crossing, both the motorman and Weinberger checked their progress. The motorman brought the car nearly, or quite, to a standstill; Weinberger checked his slow-moving horse. Then each, it might be found, simultaneously proceeded; the motorman released his brakes; the plaintiff below drove on, and as he perceived the car coming upon him, urged his horse, with whip and cries, to cross. He succeeded in crossing so far that the car only struck his hind wheel.

Upon the evidence, I think the jury might find that Weinberger reached the immediate vicinity of the crossing at such a distance from the approaching car as to leave it a question whether he might not reasonably judge that he had acquired a right to cross, and to expect that the trolley car would respect his right; and that when Weinberger saw the car diminish its speed and stop, or nearly stop, he might reasonably judge that the motorman had recognized his right, upon which judgment he proceeded to cross.

And the jury might also find that the motorman released his brake and that Weinberger urged on his horse practically simultaneously. Upon such facts, if found, it might possibly be inferred that the motorman and Weinberger were each misled by the act of the other, and that the collision resulted from acts of each which were not blamable. But other inferences might be drawn therefrom, such as that Weinberger had acquired the right of way to cross before the trolley car; that the motorman should have recognized that right; that by bringing his car to a stop he justified Weinberger's judgment that he was yielding that right, and that the release of the brakes was then a negligent act, and that Weinberger's proceeding to cross was not negligent.

The case, in either aspect, was one proper to be submitted to the jury. A case almost identical with this was disposed of in this court in the same manner. *Van Cott* v. *North Jersey Street Railway Co.,* 43 *Vroom* 229.

It is further argued in behalf of plaintiff in error that reversible error was committed by the trial judge in refusing to charge, as requested, that if the jury believed the testimony of Dr. Baldwin (a witness for plaintiff in error), their verdict should be for the defendant.

No error is found in this refusal. In the first place, upon the testimony of that witness, the jury might find negligence in the motorman in releasing the brakes after bringing the car to a stop, and that Weinberger, if entitled to the right of way, might reasonably infer that the car was stopped in recognition of that right, and so proceed to cross. In the next place, while a trial judge may be properly asked to

charge the legal rules pertinent to such facts as the jury might find upon all the evidence, he cannot be required to direct the jury to the testimony of a single witness, and on their belief of it to instruct for a verdict. A request for a charge of pertinent legal principles, if the jury found certain acts specified, would have been proper. But the charge requested would have left to the jury to recall the facts testified to by this witness, and would have required them to find for the defendant below without the guidance of any rules of law. Moreover, it would have the tendency to improperly lead the jury to believe that the evidence of that witness might be received and relied on without reference to the testimony of other competent witnesses.

Lastly, it is urged that the trial judge erred in refusing to charge, as requested by plaintiff in error, "that if the jury believe that the plaintiff (below) took a chance of collision in attempting to cross before the car, he cannot recover." The bills of exception show that the request was not absolutely denied, but it was charged in a different form, which seems to be entirely unobjectionable.

No error being found, the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, DILL.    14.

*For reversal*—None.