BRIDGET LAVIN, PLAINTIFF, APPELLEE, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT, APPELLANT.

Submitted June Term, 1908—Decided November 5, 1908.

1. Appeals from District Courts being limited to questions of law, this court will not, on such appeal, review a finding of fact if there is any legal evidence on which such finding may be submitted.
2. Nor will the admission of illegal evidence be reviewed when no valid objection was made at the trial.
3. Grounds for reversal not discussed in either argument or brief will not be considered.

On appeal from the Second District Court of Jersey City.

Before Justices GARRISON, SWAYZE and PARKER.

For the appellant, *Edwards & Smith.*

For the appellee, *Samuel A. Besson.*

The opinion of the court was delivered by

PARKER, J. The District Court judgment brought up by this appeal was for damages sustained by plaintiff because of injury to her cab, horse and harness growing out of a collision with a trolley car operated by defendant, and which

collision took place at the intersection of Clinton street and Twelfth street, in Hoboken. Clinton street runs north and south, and contains one car track on which the car in question was moving northwardly. Twelfth street runs at right angles to Clinton street, and through this the cab, driven by "a certain youth" named Vietheer was proceeding in an easterly direction. The case was tried without jury and a stenographic transcript is certified on this appeal as a state of the case pursuant to *Pamph. L.* 1905, *p.* 259. In addition to this the District Court has certified, pursuant to rule of this court, certain findings of fact on the evidence taken at the trial. Only two of these findings are challenged. They are as follows:

"*Sixth.* The plaintiff's cab driver, when he saw that the motorman of the car was not going to respect his right to cross first, tried to stop his cab and allow the car to pass.

"*Seventh.* Owing to the absence of warning signals, the high speed at which the defendant's car was moving, although the plaintiff's cab driver exercised reasonable precautions to avoid the collision by trying to stop his cab when he saw the latter was not going to respect his right to cross the track first, the collision was unavoidable."

If there was any evidence capable of supporting these findings, they cannot be reviewed here, the statute already cited giving an appeal on questions of law only. *New York and New Jersey Telephone Co.* v. *Connelly,* 40 *Vroom* 182; *Phelps* v. *Seymour,* 41 *Id.* 626; *Skidmore* v. *Johnson, Id.* 674, 675; *Burr* v. *Adams Express Co.,* 42 *Id.* 263; *Hanson* v. *Pennsylvania Railroad Co.,* 43 *Id.* 407; *Dale* v. *See,* 22 *Id.* 378, 381.

The driver testified as follows:

"*Q.* Could you stop?

"*A.* No, sir; I tried to; I tried to do the best I could, and when I tried to swing to one side and I started to swing he came up against me and hit me right in the back."

It is true that a good deal of the testimony of this witness tends to show that he attempted to get across in front of a car that was only a few feet away and approaching rapidly,

but the court sitting as a jury was entitled to infer from his testimony that he tried to stop, but seeing he was certain to be struck if he did, then tried to turn up Clinton street parallel with the car. This disposes of the attack on finding No. 6.

Finding No. 7 depends in part on findings Nos. 3, 4 and 5, which appellants concede are proper. They are to the effect that the car was going at high speed and that no bell was rung or warning signal made; that the cab reached the crossing first, and that the motorman did not respect the right of the cab driver to cross the street first.

Appellants say the evidence demonstrates conclusively that the driver attempted to cross after it appeared that his right to cross first would not be respected, thus bringing this case within the line of decisions typified in *Earle* v. *Consolidated Traction Co.,* 35 *Vroom* 573. We think it was inferable from his testimony that he recognized and attempted to exercise his right of crossing, assuming that the car was properly equipped with braking appliances and a careful motorman, and did not observe until too late that the motorman "could not control the brakes." His testimony was quite contradictory, but would support this inference; on such an inference, finding No. 7 was proper.

This leads to the conclusion that the nonsuit asked for was properly denied.

The other point urged by the appellant is that an item of $30 for repainting was allowed in fixing the damages, which was based on illegal evidence. Plaintiff was allowed to testify that she had received an estimate from a painter who named this amount as the cost of repainting, the work not having been done. This comes clearly within the ruling in *Arata* v. *Sullivan,* 34 *Vroom* 46, and it would have been legal error to admit the evidence if seasonable objection had been interposed, but no objection of any kind was made at the time. At the conclusion of the trial defendant's attorney requested the court to disregard this $30 item, but only on the ground that the work had not been completed. That fact would not render it incompetent. Were this the law plaintiff

would have to repair damages and wait for the conclusion of repairs before being in a position to prove what damages had been sustained.

One or two other points were raised at the trial and are assigned as causes for reversal, but there was no oral argument, and no mention of these points is made in appellant's brief. They have, therefore, not been considered. *Hanson* v. *Pennsylvania Railroad Co., supra.*

The judgment will be affirmed.