JOSEPH TRELA, PROSECUTOR, v. CHARLES NOVAK, RESPONDENT.

Submitted October 6, 1926—Decided October 14, 1926.

**Landlord and Tenant—Notice to Terminate Tenancy—Two Defects Alleged—First, That the Legal Three Months' Notice was Not Given; Second, That Notice was Not Properly Served—Notice was Served on the Same Day of the Third Month Before the Day of the Month Upon Which the Tenancy was to be Terminated—Held, Legal Service—Notice Served on an Employe in Charge of Only a Part of the Property, Upon a Barkeeper—Held, Not Adequate—Service Must be Upon Someone in Charge of the Whole Premises.**

On *certiorari*.

Before Justices KALISCH and LLOYD.

For the prosecutor, *William R. Wilson.*

For the respondent, *Stamler, Stamler & Koestler.*

PER CURIAM.

Two questions are involved in this case. The proceeding here is on a *certiorari* to test the validity of a judgment of dispossession in the District Court of Elizabeth. The questions involved are—

1. Whether the notice to vacate was served in time.

2. Whether it was properly served.

The tenancy was one conceded by both sides to require a three months' notice. The lease was a monthly one antedating April 1st, 1926, and continuing thereafter from month to month. A notice was served by the landlord on the 1st day of June, 1926, requiring the delivery of the premises to the landlord on the 1st day of September following. It is contended that this was not adequate, in that it did not give the tenant the full three months' notice required by law.

It was further contended on the second point that the notice was defectively served.

In addition to the record of the case sent up on the return to the writ there had been filed by the parties a stipulation of facts (whether by leave of the court does not appear). A number of grounds have been assigned for setting aside the judgment, but all were abandoned upon the oral argument of the cause excepting the two above noted.

The first contention we think is not sound. In *Baker* v. *Kenny*, 69 *N. J. L.* 180, it was held that on a monthly tenancy a notice to vacate on a recurring period of holding was sufficient if served upon the corresponding date in the preceding month. The fact that the notice is three months in the present case cannot change the situation. We think in principle the decision in that case is controlling here, and that hence a notice served on the 1st of June to vacate on the 1st of September following was a compliance with the three months' notice required by statute.

As to the second proposition we reach the contrary result. In the case of *Antolik* v. *Saunders*, 3 *N. J. Mis. R.* 352, it is stated by this court that the only question presented on *certiorari* to review a judgment of eviction on summary proceedings are—(1) whether the affiravit stated the necessary jurisdictional facts, and (2) whether there was any evidence from which such jurisdictional facts might be found. It is thus apparent that it was incumbent upon the landlord in this case to establish—(1) the facts by affidavit necessary to give the court jurisdiction, and (2) to further produce before the court evidence of such essential facts.

It will be noted that the statement in the affidavit is that the notice was served upon one Novak (no relation of the landlord), a person over the age of fourteen years and being the person in charge of the store in said demised premises, and in the stipulation that it was served upon Novak, a person over the age of fourteen years and being the bartender and employe of defendant and being in charge of said saloon in said premises. The property was a three-story brick building at 39 Marshall street, Elizabeth. It is perhaps not impor-

tant that the affidavit and stipulation differ in their description of the part of the premises of which the man Novak was in charge; in one case described as a store and in the other case as a saloon, but it is vitally important that in both cases it should appear that the person served is in possession of the premises. By neither the affidavit nor the stipulation does it appear that Novak had any relation to the tenant except that as a bartender in charge of his saloon or store, as the case may be, and that he had charge of that part of the premises. He was not there in possession of the whole property, nor was he there in any capacity other than that of bartender, or employe, attending to the duties assigned him and in charge of that particular part of the building.

The conclusion we reach is that the notice was defectively served and that the judgment in the District Court must be set aside.