126 N.J. Super. 134 (1973)
312 A.2d 898
PMS REALTY CO. INC., ADMINISTRATOR, PLAINTIFF,
v.
NANCY GUARINO, DORIS NICKENS, JEANETTE WIGGINS, DEFENDANTS.
Superior Court of New Jersey, District Court  Essex County.
Decided December 5, 1973.
*135 Mr. Harvey Blaustein for plaintiff (Mr. Herbert Blaustein, attorney).
Mr. John D. Atlas of the Essex County Legal Services, for defendants.
ALBANO, J.D.C.
These landlord-tenant cases were tried together and present two common questions for determination: (1) In a month-to-month tenancy, was service on the first day of one month of a notice to quit and demand for possession on the first day of the following month sufficient? (2) Was the defense of reprisal under N.J.S.A. 2A:42-10.10 established?
The proofs support a finding that on June 1, 1973 a proper notice to quit and demand for possession on July 1, 1973 was served, pursuant to N.J.S.A. 2A:18-53(a), on each defendant. N.J.S.A. 2A:18-56(b) provides that a month-to-month tenancy may be terminated only by the giving of one month's notice to quit.
The leading case in New Jersey construing a notice to quit is Steffens v. Earl, 40 N.J.L. 128 (Sup. Ct. 1878); it has been followed with approval in too many cases to cite. There, in a month-to-month tenancy beginning on the first of the month, the landlord on June 29, made demand and *136 gave notice in writing to its tenant to quit and surrender possession on August 1. The tenancy expired on August 1 and the tenant held over. In affirming a judgment for the landlord the court said that a notice to quit is not invalid merely because it names, as the day to quit, a day which corresponds in date with the day named in the original letting. But that case was not concerned with the date of the service of the notice to quit and demand for possession, since it was made on June 29, but with the duration of the notice and the date of termination. There was, in fact, more than a full month's time between the date of service and the date of termination.
Two cases have been cited by plaintiff as holding that service made on the first day of one month of a notice to quit and demand for possession on the first day of the following month is sufficient to terminate a month-to-month tenancy. They are Baker v. Kenny, 69 N.J.L. 180 (Sup. Ct. 1903), and Trela v. Novak, 4 N.J. Misc. 854 (Sup. Ct. 1926). A careful reading of these cases indicates that they both rely on a misconstruction of Steffens v. Earl, supra. In Baker v. Kenny, the court found a month-to-month tenancy and the necessity of a month's notice to quit to terminate the tenancy. To the defense that the notice to quit should have been served before the recurring period of the tenancy began rather than on the first day thereof, the court said:
But this ground is clearly untenable. In a tenancy by the month, the notice must be to quit on one of the recurring periods of the holding, and if the notice be served on a day of the corresponding date in the preceding month, it will be sufficient. Steffens v. Earl.
This defense, however, is not untenable, if the court relied on Steffens v. Earl, as it said it did. Steffens v. Earl was concerned with the time period and the date of termination, where notice and demand were served on June 29 for August 1, and not on July 1, so that the time period before the court was different from that in Baker v. Kenny.
*137 Trela v. Novak, merely cited with approval and followed Baker v. Kenny, in holding notice served on the first was sufficient.
The time period referred to N.J.S.A. 2A:18-56(b) is one month. N.J.S.A. 1:1-2 defines one month as one calendar month. Should not one calendar month mean midnight of the last day of one month to midnight of the last day of the following month, and, if so, is notice on the first day a full month's notice, or something less? The question answers itself.
The concept that a month is a full month and not a month less a part of the first day of the month is buttressed by rules of construction and court rules.
In computation of time, when a legal requirement fixes a number of days from a date or an event for the doing of an act, the computation is made by excluding the first date and including the last, absent any legislative indication of intent that a different formula should apply. DeLisle v. Camden, 67 N.J. Super. 587, 589 (App. Div. 1961).
And R. 1:3-1 provides that in computing any period of time fixed by rule or court order, the day of the act or event from which the designated period begins to run is not to be included.
N.J.S.A. 2A:18-56(b) calls for one month's notice to quit, and if the tenancy begins on the first day of the month, the tenant is entitled to a full and complete month's notice, from midnight of the night before the first day to midnight of the last day of the particular month, thereby making any notice served on the first day of a month for possession on the first day of the following month fatally defective.
While the foregoing terminates these actions in favor of defendants, because insufficient notice was given, the issue of retaliation was raised and should be determined in the event plaintiff elects to initiate new actions for possession *138 after service of a proper and adequate notice to quit and demand for possession.
N.J.S.A. 2A:42-10.10 became effective September 30, 1970, and is referred to generally as the retaliation or reprisal statute. It prohibits a landlord from serving a notice to quit on any tenant and from bringing a dispossess action as a reprisal where, among other things, a tenant has attempted to secure or enforce his rights, or has made a good-faith complaint to any governmental authority, or has been an organizer or member of a tenants' association.
The parties stipulated that all three defendants were members of a tenants' association and had made complaints, so that defendants were clearly within the class of persons the statute was designed to protect.
There was testimony as to reasons for the attempted termination of the three month-to-month tenancies, and plaintiff contended that the possession actions were not the result of reprisals. Defendants, on the other hand, alleged retaliation and raised N.J.S.A. 2A:42-10.10 as a defense. Credible testimony was adduced to show that (1) Mrs. Guarino's children, among others, were destructive in that they played in the halls of the building, broke windows, tore up an outside drain cover, and were careless to a fault in disposing of garbage in and around trash cans furnished by plaintiff; (2) Mrs. Guarino's apartment was overcrowded, and thereby in violation of a local ordinance; (3) Mrs. Nickens' children, among others, were destructive in that they broke windows and the outside drain cover, and (4) Mrs. Wiggins's apartment was overcrowded, and thereby in violation of the local ordinance.
There is no question that windows were broken and that plaintiff repaired broken windows or boarded up window frames, and that a drain cover was destroyed. But it was not clear that only the children of Mrs. Guarino and Mrs. Nickens were involved.
*139 This is not case where the landlord rashly increased the rent of one tenant association member and then instituted summary dispossess proceedings for nonpayment of rent, as in E & E Newman Inc. v. Hallock, 116 N.J. Super. 220 (App. Div. 1971), where a judgment for possession was reversed on appeal because the Appellate Division found reprisal against the one tenant. And this is not a case where tenants formed an association and eventually petitioned for the appointment of an administrator, only then to be served with notices to quit and summary dispossess actions, and where the court found that while the landlord was motivated in part by economic factors if the tenants had not acted as they had, more consideration would have been given them so that reprisal was made out. Silberg v. Lipscomb, 117 N.J. Super. 491 (Cty. Ct. 1971).
The testimony does lead to the conclusion that the defense of retaliation was sustained. While a landlord should not be required to sit idly by and watch his property be destroyed deliberately, N.J.S.A. 2A:42-10.10 mandates that a landlord may not discriminate in bringing dispossess proceedings. Had plaintiff shown that only the Guarino and Nickens children were destructive, or had it brought proceedings against all concerned, the defense of reprisal would not have been sustained; but the clear indication is that other children were involved and dispossess actions were not instituted against other families. Incidentally, this court finds that playing in the halls and careless disposal of the garbage in this case are not factors of great moment; the breaking of windows and of the drain are.
With regard to the testimony of overcrowding in violation of a local ordinance, suffice to say that the county district court is not the proper forum for the prosecution or defense of such violations. Samuelson v. Quinones, 119 N.J. Super. 338, 342 (App. Div. 1972), suggests that Marini v. Ireland, 56 N.J. 130 (1970), and its progeny do not incorporate local housing codes into every lease agreement. *140 Local ordinance complaints should be disposed of in municipal courts, which have jurisdiction to determine them, and not in the county district court, which does not have such jurisdiction.
Judgments of dismissal will be entered in each of these cases.