JOHN DALY, APPELLANT, v. GEORGE R. CASE, RESPONDENT.

Submitted June 26, 1915—Decided November 15, 1915.

Where the driver of a horse and wagon, proceeding on the right side of the road, when about to turn into a private roadway, extended his whip about three feet beyond his wagon to indicate his intention, was run into by an automobile, proceeding from behind, without signal or other indication of its approach—*Held,* that the question as to the negligence of the defendant and the contributory negligence of the plaintiff was for the jury, and that a nonsuit was error.

On appeal from the Bergen County Circuit Court.

For the appellant, *Collins & Corbin.*

For the defendant, *Marshall Van Winkle.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff was nonsuited at the Circuit upon the ground that he was clearly guilty of contributory

negligence, upon the following state of facts: While driving the horse and wagon of his employer, on Dana place in Englewood, to a customer's home, his wagon was struck by the defendant's automobile coming from behind, and was overturned, the plaintiff suffering injuries from the accident.

The testimony of the plaintiff shows that the accident happened while he was in the act of turning his horse from the road into the private driveway, after he had extended his whip out of the side of the wagon, on the side he expected to turn, to a distance of about three feet; that he heard no signal or sound to indicate that any one was approaching from the rear. That he did not look behind him because his attention was required ahead of him.

The plaintiff was on the right side of the road and was about to turn to the left to enter the driveway. To one witness it seemed if the automobile was "wabbling" or "zigzagging" as though the driver had lost control of it. It thus appears that the plaintiff, at about the time he attempted to turn into the driveway, gave the customary signal of his intention so to do by extending his whip.

The statutory automobile regulations (*Pamph. L.* 1915, *p.* 288) while not enacted at the time of the accident, nevertheless recognize the act of the plaintiff in extending his whip, as a proper signal to others on the highway to indicate the driver's intention to turn, and the direction in which he intended to turn.

The recognized rule of the road is that persons driving and riding upon the highways are in the exercise of their lawful and equal rights, and the law imposes upon them the duty of taking ordinary care not to injure one another. *Sm. Neg.* 19; 37 *Cyc.* 266 and cases cited.

Under such circumstances it became a jury question whether the defendant exercised due care in the control and operation of his machine, and whether the plaintiff's conduct was of such a palpably negligent character so as to deprive him of the opportunity of having a jury pass upon it.

Whether in the absence of a signal from the defendant to indicate his approach, the plaintiff should have anticipated

his coming and looked behind before turning into the lane, in view of the fact that he was obliged to devote his attention to some extent at least upon his horse and vehicle, presents not a question of law, but essentially one of fact for the jury to determine. *Fox* v. *Great Atlantic and Pacific Tea Co.,* 84 *N. J. L.* 726; *Smith* v. *Barnard,* 82 *Id.* 468.

The result is that the judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 14.