BETTY SIEGELER, ADMINISTRATRIX, RESPONDENT, v. ERNEST NEUWEILER, APPELLANT.

Submitted July 9, 1917—Decided November 19, 1917.

In an automobile collision with a motorcycle upon a public highway, where the question at issue as to the negligence of the respective parties was controverted—*Held,* that the case presented a jury question. *Held, also,* that the condition of the brakes upon the automobile was material for the purpose of determining the relative care, under the circumstances, to be exercised by the driver of the automobile.

---

On appeal from the Supreme Court.

For the respondent, *J. Emil Walscheid.*

For the appellant, *George P. Laible.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff, as administratrix of Rudolph Siegeler, deceased, alleges that her husband, the deceased, while guiding his motorcycle along the easterly side of the Hudson county boulevard, was struck by the defendant's automobile, at the corner of Humboldt street, while the defendant was in the act of turning his machine into the latter street, from the boulevard, which act of negligence resulted in the destruction of the motorcycle, and the death of its owner.

The insistence is two-fold: that the defendant negligently drove his machine; and negligently controlled it in view of the fact of which he was conscious, that the brake upon it was out of order.   The defense was contributory negligence upon the part of the deceased.

Like all questions of negligence presenting divergent testimony, the issue in the case presented a jury question.   *Daly v. Case,* 88 *N. J. L.* 295; 95 *Atl. Rep.* 973; *Rabinowitz v. Hawthorne,* 89 *N. J. L.* 308; 98 *Atl. Rep.* 315.

These cases present facts, in great part, substantially identical with the case at bar, and indicate that both upon the questions of negligence, and contributory negligence, the action of the trial court in sending the case to the jury was legally correct.

We observe no error in the action of the trial court, in allowing testimony as to the condition of the brakes upon the defendant's car, because if they were defective, the care to be exercised by him, under the circumstances, upon familiar rules of law, must have been proportionately greater.

The practical legal question always presented is whether due care was exercised under the existing conditions.   Manifestly in this situation a defective brake, if it existed, would be one of the existing conditions necessitating extra care,

similar to the absence of lights at night, or the failure to sound a horn in the proper situation or environment. 8 *R. C. L.* 1192, and cases cited.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.